The Inhabitants of Westfield *versus* The Inhabitants of Southwick.

Where an individual in a town gave notice to the overseers of the poor, that he was supporting a pauper, and that he should look to the town for his pay, and the overseers thereupon gave notice to the town where the pauper had his settlement, that he had become chargeable, it was *held* that the first town, although they had not paid such individual, might maintain an action against the other town for the support of the pauper.

A pauper having a settlement in a town in this Commonwealth, cannot lawfully be carried by the overseers, against his will, to a place without the Commonwealth, to be there supported.

Assumpsit for the support of William Mather and Rhoda his wife, from May 28 to September 3, 1833.   Trial before *Morton* J., upon the general issue.

It was admitted that Mather and his wife were paupers legally settled in Southwick.   The plaintiffs had paid nothing for their support, and it was contended by the defendants that the plaintiffs were not liable to pay for it.   They were living in Westfield, at the house of R. Brown, who had married their daughter, and who furnished their support.   The defendants had paid Brown for their support up to May 28, 1833.   On that day one of the overseers of the poor of Southwick proposed and offered to remove them to the place where all the paupers of Southwick were supported by contract, namely, to one Holcomb's in Granby, in Connecticut, eight miles from the centre of Southwick. Brown forbade the removal of the paupers to Holcomb's, but made no objection to their being taken to Southwick.   The same overseer then forbade the overseers of Westfield, and Brown also, to render any assistance to the paupers on account of Southwick.   On June 10th, Brown gave notice to one of the overseers of Westfield, that he was supporting the

paupers and should look to Westfield for his pay ; and these
overseers then sent a sufficient notice to the overseers of
Southwick, which was duly received.   In the same month
two of the overseers of Southwick went to Brown's to re-
move the paupers to Granby.   Brown did not object to their
removal, but the paupers refused to go.   They were not
removed, but the overseers gave notice to Brown, and also to
the overseers of Westfield, that they were ready to remove
them whenever they would go, and to make suitable provision
for them ; and they forbade Brown to harbor them or render
them any assistance at the expense of Southwick.

*Westfield
v.
Southwick.*

   *Leonard,* for the plaintiffs, contended that Westfield was
liable to Brown, and therefore the action might be sustained ;
*St.* 1793, *c.* 59, § 13 ; *Cargill* v. *Wiscasset,* 2 Mass R. 549 ;
*Kittredge* v. *Newbury,* 14 Mass. R. 450 ; and that the de-
fendants had no right to remove the paupers out of the Com-
monwealth, and consequently their offer to do so was not a
defence ; Bill of Rights, *art.* 12 ; Revised Stat. of Connec-
ticut, (of 1821,) *tit.* 51, § 7, 8, 10, and *tit.* 73, *c.* 1, § 4 ;
*Coffin* v. *Bassett,* 2 Pick. 360 ; *Worden* v. *Leyden,* 10
Pick. 29.

*Sept. 25th,
1824.*

   *Boise* and *Mills,* for the defendants.

   *Per Curiam.*   The plaintiffs have not paid any thing for
the support of the paupers, but Brown gave notice, pursuant
to *St.* 1793, *c.* 59, § 13, that he was supporting them, and
that he should look to the town for payment.   If the plaintiffs
were legally liable to pay Brown, he may be considered as
their agent, and the action may be sustained, although they
have not yet paid the sum due to Brown.

*Sept. 26th,
1835.*

   But it is contended by the defendants, that Westfield was
not responsible to Brown, because the overseers of South-
wick went to him and told him they had made provision for
the paupers, and wanted to remove them, but they were un-
willing to go to the place where the other paupers of that town
were supported.   The question is, whether provision, within
the contemplation of law, was made for the paupers.   There
can be no doubt of the authority of the overseers to remove
them to a suitable place.   Paupers have not a right to choose
their residence.   *New Salem* v. *Wendell,* 2 Pick. 341

*Worden* v. *Leyden*, 10 Pick. 24.    If then the defendants had offered to remove the paupers to Southwick, it would have been a good defence.    But they offered to remove them to a town in Connecticut.    And we think they have no right to carry a pauper out of the Commonwealth, against his will. Paupers are not deprived of all civil rights, though they are of some of them.    It may be that by being carried into another State, they will be subject to punishment.    And the law of this Commonwealth imposes duties on overseers which can be enforced here only.    It follows that the offer made by the defendants was not a sufficient provision for the paupers.